**WO**                                                                                                              JDN

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lamar Burnley,<br><br>    Plaintiff,<br><br>vs.<br><br>Joseph Arpaio,<br><br>    Defendant. | No. CV 09-0489-PHX-GMS (JRI)<br><br>**ORDER** |

Plaintiff Lamar Burnley brought this civil rights action under 42 U.S.C. § 1983 against Maricopa County Sheriff Joseph Arpaio (Doc. 1). Before the Court are the parties' cross-motions for summary judgment (Docs. 51, 55).

The Court will deny both parties' motions and set a new dispositive motions deadline.

**I.      Legal Standards**

    **A.      Summary Judgment**

A court must grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Under summary judgment practice, the movant bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, that it believes demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323; Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).

If the movant meets its burden with a properly supported motion, the burden then shifts to the nonmovant to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Auvil v. CBS "60 Minutes", 67 F.3d 816, 819 (9th Cir. 1995); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The nonmovant need not establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968). By affidavit or as otherwise provided by Rule 56, the nonmovant must designate specific facts that show there is a genuine issue for trial. Anderson, 477 U.S. at 249; Devereaux, 263 F.3d at 1076.

At summary judgment, the judge's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. In its analysis, the court must believe the nonmovant's evidence, and draw all inferences in the nonmovant's favor. Id. at 255.

**B.     Fourteenth Amendment**

Pretrial detainees are protected by the Fourteenth Amendment's Due Process Clause, which provides that "detainees have a right against jail conditions or restrictions that 'amount to punishment.'" Pierce v. County of Orange, 526 F.3d 1190, 1205 (9th Cir. 2008) (citing Bell v. Wolfish, 441 U.S. 520, 535-37 (1979)). The Fourteenth Amendment standard is more protective than the Eighth Amendment; "[t]his standard differs significantly from the standard relevant to convicted prisoners, who may be subject to punishment so long as it does not violate the Eighth Amendment's bar against cruel and unusual punishment." Pierce, 526 F.3d at 1205.

Under the Fourteenth Amendment analysis, to determine if government action constitutes punishment, courts must determine (1) whether the action caused the detainee to suffer some harm or "disability," and (2) whether the purpose of the action was to punish the detainee. Demery v. Arpaio, 378 F.3d 1020, 1029 (9th Cir. 2004) (citing Bell, 441 U.S. at 538). The test for identifying unconstitutional punishment of pretrial detainees is whether

1  there was an express intent to punish or whether there was an alternative purpose for the
2  restriction and whether the restriction appears excessive in relation to this alternative
3  purpose. Demery, 378 F.3d at 1028.

4      Not every disability imposed during pretrial detention constitutes "punishment" in the
5  constitutional sense. Bell, 441 U.S. at 537. To constitute punishment, the harm caused by
6  the action or condition "must either significantly exceed, or be independent of, the inherent
7  discomforts of confinement." Demery, 378 F.3d at 1030. A court should look at the nature
8  of the condition and whether it is reasonably related to a legitimate governmental objective.
9  Pierce, 526 F.3d at 1205. If the condition or restriction is arbitrary or purposeless, a court
10 may infer that the purpose of the action is punishment that may not be inflicted on pretrial
11 detainees. Id. (citing Bell, 441 U.S. at 539).

12     **C.**     **Food**

13     Food served to inmates does not have to be tasty or aesthetically pleasing, and if meals
14 occasionally contain foreign objects or are served cold, it does not amount to a constitutional
15 deprivation. LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993). But inmates must be
16 provided food that is nutritionally adequate to maintain health and that is prepared and served
17 in a manner that does not present a danger to their well being. Id.; see also Johnson v. Lewis,
18 217 F.3d 726, 731-32 (9th Cir. 2000) (identifying a cognizable constitutional violation where
19 inmates alleged they were, *inter alia*, deprived adequate food).

20 **II.**     **Analysis**

21     **A.**     **Defendant's Motion for Summary Judgment**

22     A supervisory official may be liable if he implements a policy "so deficient that the
23 policy 'itself is a repudiation of constitutional rights' and is the 'moving force of the
24 constitutional violation.'" Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir.
25 1991) (citation omitted). To premise a supervisor's alleged liability on a custom or policy,
26 the plaintiff must identify a specific policy and establish a "direct causal link" between that
27 policy and the alleged constitutional deprivation. See City of Canton, Ohio v. Harris, 489
28 U.S. 378, 385 (1989).

1        Plaintiff does not allege liability based on *respondeat superior*; instead, he claims that
2 Defendant is liable for promulgating a food policy that provided just two inadequate meals
3 a day. (Doc. 1 at 3).  The Complaint specifically alleges that Defendant deliberately denied
4 sufficient nutrition and calories to inmates and that he "publicly boasts that he deliberately
5 does this to make pretrial detainees suffer" (id.).

6        Under state law, Defendant has final policy-making authority with respect to the
7 operation of the county jails.  See Ariz. Rev. Stat. § 11-441(A)(5); Flanders v. Maricopa
8 County, 54 P.3d 837, 847 (Ariz. Ct. App. 2002).  Further, it has been established that pretrial
9 detainees at the Maricopa County Jails must be provided food that meets or exceeds the
10 USDA Dietary Guidelines.  Graves v. Arpaio, 2008 WL 4699770, at *46 (D. Ariz. Oct. 22,
11 2008); Graves, --- F.3d ----, 2010 WL 3987721, at *5-6 (9th Cir. Oct. 13, 2010) (affirming
12 prospective relief addressing inadequate food); see U.S. ex rel. Robinson Rancheria Citizens
13 Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 2002) (courts may take judicial notice
14 of proceedings in other courts "if those proceedings have a direct relation to matter at issue").

15        Defendant contends that the food policy implemented at the jail was constitutional,
16 and he submits a copy of Policy DG-2, which states that "[i]t is the Policy of the Office to
17 ensure that two adequately nutritional meals are offered to all inmates on a daily basis" (Doc.
18 52, Ex. B).  There is no definition of "adequately nutritional" within the one-page policy (see
19 id.). The policy does not indicate how many calories inmates will be served per day, nor does
20 it make any reference to the USDA guidelines.

21        To demonstrate that the meals provided under the policy were sufficiently nutritious
22 and provided the required calories, Defendant proffers Reddy's declaration, which is
23 supported by "the attached Analyses and Menus" (id., Ex. C, Reddy Decl. ¶¶ 14, 11-13
24 (referring to "Attachment 2" and "Attachment 3")).  But there are no attachments and no
25 copies of MCSO menus or nutritional analyses submitted with the declaration.  If papers or
26 documents are referred to in an affidavit, "a sworn or certified copy must be attached to or
27 served with the affidavit."  Fed. R. Civ. P. 56(e); see School Dist. No. 1J, Multnomah
28 County, Or. v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993) ("if documentary evidence

1 is cited as a source of a factual contention, Rule 56(e) requires attachment," even if the affidavit is also based on personal knowledge). Because Reddy's declaration does not comply with Rule 56(e), it is inadmissible.

Defendant's other evidence includes the copy of a grievance and the response thereto; Plaintiff complained that his dinner was spoiled, and detention officers made the determination that the meal was not spoiled (id., Ex. E). This is insufficient evidence to conclusively demonstrate that the meals at the jail during Plaintiff's confinement were nutritionally adequate. Further, Defendant presents no argument or evidence to suggest that during Plaintiff's confinement there were any isolated or long-term security issues or threats to safety that required jail officials to regularly delay meals or that resulted in meals with reduced calorie levels.

On this record, the only relevant and admissible evidence is Policy DG-2, which is too ambiguous to establish that the meals served at the jail during Plaintiff's confinement provided the calories and nutrition required under the USDA guidelines. See Graves, 2008 WL 4699770, at *46. Defendant therefore fails to meet his initial burden to demonstrate the absence of genuine issue of material fact, and his motion will be denied.

### B. Plaintiff's Motion for Summary Judgment

Plaintiff also fails to establish that he is entitled to summary judgment. He alleges that in practice, it was the custom at the jail to serve meals more than 14 hours apart and provide meals with inadequate calories and spoiled food. Plaintiff also alleges—and Defendant's own evidence reflects—that during his 7-month jail confinement he lost 30 pounds, most of which he gained back after transfer out of the jail (Doc. 52, Ex. D, Pl. Dep.). If a practice is of sufficient duration, frequency, and consistency, and has become "a traditional method of carrying out policy," then liability attaches if that practice is improper. Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996); see Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978) (an unwritten policy or custom that is "persistent and widespread" can constitute a permanent policy).

Plaintiff's undisputed weight loss during his 7-month confinement is probative. See

- 5 -

1  Hutto v. Finney, 437 U.S. 678, 683-84, 686-87 (1978) (serving inmates a diet with
2  insufficient calories for an extended period raises serious constitutional concerns).  But
3  Plaintiff does not proffer a copy of the March 2010 interrogatory response that he claims
4  demonstrates that the jail adheres to a 2000-calorie-level guideline (see Doc. 60).  His only
5  evidence concerns two isolated incidents; the food on May 16 and 30, 2009 (Doc. 56, Exs.
6  B-C).  A claim that a policy or custom is unconstitutional "may not be predicated on isolated
7  or sporadic incidents."  Trevino, 99 F.3d at 918.

8  Finally, Plaintiff presents no evidence to establish that Defendant directed or knew
9  of and perpetuated the alleged unlawful practice of providing insufficient calories to inmates.
10 See Redman, 942 F.2d at 1447 (culpability where a supervisor "knows or reasonably should
11 know" that acts by others would lead to a constitutional injury) (citation omitted).  As such,
12 Plaintiff makes no evidentiary showing concerning Defendant's liability.  See Richardson
13 v. Runnels, 594 F.3d 666, 671-72 (9th Cir. 2010) (movant must make some evidentiary
14 showing to support claim for summary judgment).  For these reasons, Plaintiff's motion will
15 be denied.

16 **III.   Conclusion**

17 In light of the above, both Defendant's summary judgment motion and Plaintiff's
18 summary judgment motion will be denied.  It is not clear from the limited evidentiary record
19 whether summary judgment would be precluded in the face of sufficient evidence related to
20 the meals and food service during Plaintiff's confinement at the jail.  Therefore, the Court
21 will set a new deadline for dispositive motions.  See Hoffman v. Tonnemacher, 593 F.3d 908,
22 911 (9th Cir. 2010) (district courts have discretion to entertain successive motions for
23 summary judgment).

24 The parties are reminded that with respect to any future motions, they must comply
25 with all Federal and Local Rules of Civil Procedure governing summary judgment briefing.

26 **IT IS ORDERED:**

27 (1) The reference to the Magistrate Judge is **withdrawn** as to Defendant's Motion for
28 Summary Judgment (Doc. 51) and Plaintiff's Motion for Summary Judgment (Doc. 55).

- 6 -

(2) Defendant's Motion for Summary Judgment (Doc. 51) is **denied**.

(3) Plaintiff's Motion for Summary Judgment (Doc. 55) is **denied**.

(4) Within **30 days** from the date of this Order, the parties may submit new summary judgment motions.

(5) Absent extraordinary circumstances, no extensions to the motions deadline will be permitted.

DATED this 9th day of November, 2010.

*G. Murray Snow*
G. Murray Snow
United States District Judge